COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Coleman and Senior Judge Cole
Argued at Richmond, Virginia

RONALD LEE HARRIS

MEMORANDUM OPINION[*] BY
v.  Record No. 1943-94-2      JUDGE JAMES W. BENTON, JR.
                              OCTOBER 31, 1995
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF HALIFAX COUNTY
              Charles L. McCormick, III, Judge

        Buddy A. Ward, Public Defender (Office of the
        Public Defender, on brief), for appellant.

        Thomas C. Daniel, Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on
        brief), for appellee.


    Ronald Lee Harris was tried without a jury and convicted of
felonious larceny in violation of Code § 18.2-96 and former Code
§ 19.2-297.  On this appeal, Harris contends the trial judge
erred in finding that officers did not seize him in violation of
the Fourth Amendment.  We affirm the trial judge's refusal to
suppress evidence.

    The evidence proved that at 11:00 p.m. on June 15th, a
complainant telephoned the police to report a suspicious person
on Chalmers Street.  The complainant identified himself and
reported the person was wearing dark pants, white t-shirt, black
cap and a black pouch on his side.  While driving to Chalmers
Street, Sergeant McKinney and Officer Logan saw Harris one and a
half blocks away from the complainant's house.  Harris wore biker

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

shorts, a white tank top, training bra, cap, and tennis shoes. Harris was running.

Officer Logan stepped out of the police car and called Harris. Officer Logan was in uniform and had his revolver in his holster. Harris stopped running and talked to Logan. As Logan talked to Harris, McKinney continued onto Chalmers Street where he spoke with the complainant.

When McKinney rejoined Logan, they asked Harris about a black bag or pouch around his waist. Harris said he found the bag on the street. When the officers asked if they could see the bag, Harris handed the bag to the officers and said it was not his. The officers looked in the bag and saw clothes, including undergarments, in the bag. After the officers saw the contents, they asked Harris if they could keep the bag. Disclaiming ownership, Harris allowed the officers to keep the bag. The officers departed with the bag. Logan estimated that he spent approximately ten to fifteen minutes with Harris before they parted.

Earlier that same evening, Ann Snead had hung clothes on a line to dry in her backyard. The following morning she noticed that a number of articles were missing, including several undergarments. She called the police. Sergeant McKinney arrested Harris for larceny. Snead identified the undergarments from the bag as items taken from her clothesline.

Harris' counsel moved to suppress the evidence and alleged

that the police conducted an unlawful Terry stop.  The trial judge denied the motion.  The trial judge's ruling does not disclose whether the judge upheld the police action as a valid Terry stop or a consensual search and seizure.

Not every encounter between the police and public is a seizure under the Fourth Amendment.  Baldwin v. Commonwealth, 243 Va. 191, 195, 413 S.E.2d 645, 647 (1992).  The principle is well established that "law enforcement officials do not violate the Fourth Amendment by merely approaching an individual on the street or in another public place . . . [and] putting questions to him if the person is willing to listen."  Florida v. Royer, 460 U.S. 491, 497 (1983)(plurality opinion)(citations omitted).

In Baldwin, the Supreme Court of Virginia ruled that officers who were investigating a complaint did not seize the accused when the officer called the accused to his car.  The Court ruled that no Fourth Amendment seizure occurred because the encounter did not involve "the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled.'"  Baldwin, 243 Va. at 199, 413 S.E.2d at 649 (quoting United States v. Mendenhall, 446 U.S. 544, 554 (1980)).

The evidence in this case does not prove that Logan compelled Harris to stop.  The evidence does not prove the

officers used force or any other coercive means.  The evidence proves only that Harris responded to Logan's call and spoke with the officer.  Although Harris stopped when the policeman called to him, no evidence proved that he was forced to stop and talk.  The record does not establish that a reasonable person in Harris' position would have believed he was not free to leave.

The officers did not violate the Fourth Amendment by taking custody of the bag.  When they asked Harris about the bag, he said that he found it.  Harris' disclaimer of ownership and assent to the officers' custody of the bag negates his claim of an unlawful seizure.  See Wechsler v. Commonwealth, 20 Va. App. 162, 172-73, 455 S.E.2d 744, 749 (1995).

For these reasons, we hold that the trial judge did not err in refusing to suppress the evidence.  We therefore affirm the conviction.

Affirmed.